UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID LEE BLUER, JR.,

       Plaintiff,

v.                                                                              Case No. 1:13-cv-22

                                                   Hon. Janet T. Neff

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI).

Plaintiff was born on November 5, 1977 (AR 127).[1] He alleged a disability onset date of November 1, 2008 (AR 127). Plaintiff completed the 10th grade and had previous employment as an oilfield truck driver (AR 133, 137). He identified his disabling conditions as: club feet (from birth); surgeries for feet; and extreme pain in feet (AR 132). On March 9, 2011, an Administrative Law Judge (ALJ), reviewed plaintiff's claim *de novo* and entered a decision denying benefits (AR 13-20). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d

918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007), citing *Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits

is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fifth step.  At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of November 1, 2008 and met the insured status requirements of the Act through December 31, 2013 (AR 15).  At step two, the ALJ found that plaintiff had the severe impairment of bilateral club feet (AR 16).  At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1, specifically Listing 1.02 (Major dysfunction of a joint) (AR 16).

The ALJ decided at the fourth step that plaintiff has the residual functional capacity (RFC):

> . . . to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can stand/walk for only two hours and sit for six hours.  The claimant can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl. He can never climb ladders, ropes or scaffolding.  The claimant is limited to jobs that can be performed while using a hand held assistive device (such as a cane).  He is to avoid hazards such as machinery and heights.  The claimant must avoid vibration and foot controls.  He is limited to simple, routine, and repetitive tasks.

(AR 16).  The ALJ further found that plaintiff was unable to perform any past relevant work (AR 19).

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled, light jobs in the national economy (AR 19-20).  Specifically, plaintiff could perform the following jobs in the regional economy (the lower peninsula of Michigan): assembler (1,500 jobs); packer (2,100 jobs): and, inspector (1,000 jobs) (AR 20).  Accordingly, the ALJ determined

that plaintiff was not under a disability, as defined in the Social Security Act, from November 1,

2008 (the alleged onset date) through March 9, 2011(the date of the decision) (AR 20).

### III. ANALYSIS

Plaintiff has raised two issues on appeal.

> **A.  That the ALJ failed to properly follow the Social Security sequential evaluation process and more specifically, at the third step of that process, failed to properly consider David Bluer's ankle and foot impairments which meet or equal Listed Impairment [1.02] which would mandate a finding of disabled.**

Plaintiff contends that his bilateral foot and ankle impairments meet or equal Listing

1.02, which provides as follows:

> Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> > A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;
> >
> > or
> >
> > B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

Listing 1.02, 20 C.F.R., Pt. 404, Subpt. P, App. 1.

A claimant bears the burden of demonstrating that he meets or equals a listed

impairment at the third step of the sequential evaluation. *Evans v. Secretary of Health & Human

Services*, 820 F.2d 161, 164 (6th Cir.1987). In order to be considered disabled under the Listing of

Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Id.* An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. §§ 404.1525(d); 416.925(d). A claimant does not satisfy a particular listing unless all of the requirements of the listing are present. *See Hale v. Secretary of Health & Human Services*, 816 F.2d 1078, 1083 (6th Cir.1987). *See, e.g., Thacker v. Social Security Administration*, 93 Fed.Appx. 725, 728 (6th Cir 2004) ("[w]hen a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency"). If a claimant successfully carries this burden, the Commissioner will find the claimant disabled without considering the claimant's age, education and work experience. 20 C.F.R. §§ 404.1520(d); 416.920(d).

The ALJ summarized the medical evidence of plaintiff's foot condition as follows:

The claimant is noted as having clubfeet since birth (7F/1). Medical records indicate the claimant had surgery at age one and age three for his clubfeet (7F/1). The claimant was noted by Jeffery A. Szczepanski, D.P.M., a doctor of podiatric medicine, as having tried multiple different braces and orthotics (7F/1, 2). The claimant complained to Dr. Szczepanski that his pain is constant and daily (7F/1). The claimant had an X-ray taken on his left ankle in December 2009, which showed irregularity of the left talar dome raising the question of osteoochondral defect (6F/10). The claimant had an X-ray taken on his right foot, which noted pes planus deformity and a history of previous clubfoot repairs (6F/15). However, Dr. Szczepanski also noted that medication helps, but has not totally resolved the condition (7F/1). Additionally, Dr. Szczepanski noted the claimant would benefit from long term bracing with possible deep heel seat orthotics (7F/2). Dr. Szczepanski also stated the claimant was not a candidate for surgery (7F/2). In December 2008, the claimant had an x-ray taken of his right ankle, which was negative and showed no change since October 2008 (6F/11). The claimant had an

X-ray taken of his bilateral feet, which showed deformities, particularly of the right midfoot, without associated fracture, dislocation, or radiopaque foreign body (6F/12).

(AR 17).[2]

Based on this record, the ALJ found that plaintiff did not meet the requirements of

Listing 1.02:

The undersigned considered all listed impairments in 20 CFR Part 404, Subpart P, Appendix 1with specific attention to the following listing: 1.02 (Major dysfunction of a joint).  The claimant's impairments failed to meet the listing for 1.02 (Major dysfunction of a joint), because the record, consistent with the findings below, does not demonstrate gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on imaging studies of joint narrowing, bony destruction, or ankylosis of the affected joint(s).  With: involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle), resulting in inability to ambulate effectively or involvement of one major peripheral weight-bearing joint resulting in inability to ambulate effectively (20 CFR Part 404 Subpart P, Appendix 1, § 1.02). The undersigned concluded the medical evidence did not demonstrate the claimant's impairments rose to the level of listing level severity, and that no acceptable medical source had mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination.

(AR 16).

The issue before the Court is whether plaintiff meets the requirements of Listing 1.02.

However, the ALJ's review of Listing 1.02 is so cryptic as to be unreviewable by this Court.  In

*Reynolds v. Commissioner of Social Security*, 424 Fed.Appx. 411 (6th Cir. 2011), the Court

summarized the manner in which an ALJ should analyze a physical condition under the listed

impairments (in that case a musculoskeletal disorder under Section 1.00):

In short, the ALJ needed to actually evaluate the evidence, compare it to Section 1.00 of the Listing, and give an explained conclusion, in order to facilitate

[2] Plaintiff's x-rays refer to findings of "pes planus" which is defined as "flatfoot, a deformed foot in which the position of the bones relative to each other has been altered, with lowering of the longitudinal arch." *Dorland's Illustrated Medical Dictionary* (28th Ed.) at p. 1268.  The Court notes that plaintiff refers to his disabling condition as clubfoot, which is defined as "a congenitally deformed foot."  *Id.* at p. 344.

meaningful judicial review. Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir.1996); *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir.1999); *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir.2000). As the Third Circuit explained, "[b]ecause we have no way to review the ALJ's hopelessly inadequate step three ruling, we will vacate and remand the case for a discussion of the evidence and an explanation of reasoning" supporting the determination that [the claimant's] severe impairments do not meet or medically equal a listed impairment. *Burnett*, 220 F.3d at 120.

*Reynolds*, 424 Fed.Appx. at 416.

The quoted excerpt from the ALJ's decision (AR 16) demonstrates that the ALJ evaluated some of the medical evidence. However, the ALJ neither compared the medical evidence to the elements of Listing 1.02 nor provided an explained conclusion sufficient to facilitate a meaningful judicial review. *See id.* The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985), *quoting Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir.1984). Here, the ALJ has failed to articulate an analysis of Listing 1.02 sufficient to allow a meaningful review.

In her brief, defendant attempts to rehabilitate the ALJ's decision by comparing the medical evidence with the elements of Listing 1.02 (i.e., a gross anatomical deformity; chronic joint pain and stiffness; signs of limitation or motion or other abnormal motion of the affected joints;

findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints; and, the involvement of one major peripheral weight-bearing joint resulting in the inability to ambulate effectively as defined in Listing 1.02B). *See* Defendant's Brief at pp. 10-15. Defendant's brief contains the type of evaluation which the ALJ should have provided in his decision and seeks to have this Court affirm the ALJ's decision based upon an analysis which the ALJ did not perform. In short, defendant seeks to have this court perform a *de novo* review of the administrative record to determine whether plaintiff meets the requirements of Listing 1.02. However, it is not the function of this court to review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard*, 889 F.2d at 681. Accordingly, this matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate whether plaintiff meets the requirements of Listing 1.02.

**B.** **That the Appeals Counsel failed to properly correct the legal and factual errors of the Administrative Law Judge in their final decision.**

While plaintiff raised this claim in his statement of errors, he does not address it in his brief. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, this argument has been waived.

Furthermore, even if this claim were properly before the Court, it is without merit. "Only final decisions of the [Commissioner] are subject to judicial review under [42 U.S.C.] § 405(g)." *Willis v. Secretary of Health and Human Services*, No. 93-6337, 1995 WL 31591 at * 2 (6th Cir. 1995), *citing Califano v. Saunders*, 430 U.S. 99, 108 (1977). When the Appeals Council

denies review, the decision of the ALJ becomes the final decision of the Commissioner. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993). While there is an exception for Appeals Council actions which involve colorable constitutional claims, plaintiff has not raised a constitutional challenge. *See Temples v. Commissioner of Social Security*, 515 Fed. Appx. 460, 463 (6th Cir. 2013) (court lacked jurisdiction to review the Appeals Council's refusal to re-open the claimant's case because she did not raise any colorable constitutional claim); *Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1992) ("[a]bsent any colorable constitutional claim . . . a federal court has no jurisdiction to review the Appeals Council's decision not to reopen").

## IV. Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate whether plaintiff meets the requirements of Listing 1.02.


Dated: February 3, 2014                         /s/ Hugh W. Brenneman, Jr.
                                                HUGH W. BRENNEMAN, JR.
                                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).