UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEE BLUER, JR.,

               Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

_____/

Case No. 1:13-cv-22

Hon. Janet T. Neff

**REPORT AND RECOMMENDATION**

Plaintiff filed this action to appeal an Administrative Law Judge's decision denying disability benefits. This Court reversed and remanded the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). *See* Judgment (docket no. 29). On remand, the Social Security Administration (SSA) awarded plaintiff disability benefits. *See* Notice of Award (docket no. 20-4). This matter is before the court on plaintiff's motion for award of attorney fees pursuant to the 42 U.S.C. § 406(b) in the amount of $6,510.00 (docket no. 20). Defendant does not oppose the motion.[1]

I.       **Discussion**

Attorney fee awards in social security cases brought in this Court are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation,

---

[1] The Court notes that defendant improvidently filed her response brief in the form of a letter directed to the district judge. *See* Defendant's Response (docket no. 22); W.D. Mich. LCivR 7.1(a) ("Briefs shall not be submitted in the form of a letter to the judge"). In addition, defendant incorrectly stated that plaintiff is seeking $18,585.00 of attorney fees for services rendered before the Court. *See* Defendant's Response.

> not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

An attorney fee award under § 406(b)(1)(A) is appropriate because the Commissioner awarded plaintiff past-due benefits on remand.  *See Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006).  While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406 for work performed in the administrative agency and for work performed in the Federal Court.  *See Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261, 262 (6th Cir. 1994) ("each tribunal may award fees only for the work done before it").

Here, the SSA's Notice of Award did not state the amount of past due benefits awarded. *See* Notice of Award, PageID.370.  The Notice of Award stated that it withheld $21,789.50 of past due benefits for payment of attorney fees, which appears to be 25% of the past due benefits.[2]

The issue before the Court is whether counsel's requested fee of $6,510.00 is reasonable under § 406(b)(1)(A).  In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).   Plaintiff executed a contingent fee agreement in which he agreed to pay his counsel a fee of 25% of the total past due benefits awarded.  *See* Fee Agreement (docket no. 20-5).  In evaluating fees under § 406(b), there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due

---

[2]  The Notice of Award stated as follows:

When a lawyer wants to charge for helping with a Social Security claim, we must first approve the fee. We usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee.  We withheld $21,789.50 from your past due benefits in case we need to pay your lawyer.

Notice of Award, PageID.370.

2

to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 419 (6th Cir. 1990).

With respect to the first consideration, there is no suggestion that plaintiff's counsel engaged in improper conduct or was ineffective.  On the contrary, plaintiff's counsel secured a favorable result.  With respect to the second consideration, the Court concludes that the requested fee would not result in an undeserved windfall to counsel.

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.  We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Id.* at 422 (footnotes omitted).  "In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id.*

Here, counsel's time sheet reflects that she spent 23.25 hours working on this matter in federal court, which results in a hypothetical hourly rate of $280.00.  Counsel has not provided evidence regarding the standard rate charged for this type of work.  The Court has considered an hourly rate of $175.00 as reasonable in Social Security Appeals.[3]  This rate establishes a *Hayes*

---

[3] *See, e.g.*, *Malewitz v. Commissioner of Social Security*, No. 1:12-cv-1285, 2014 WL 3354017 (W.D. Mich. July 9, 2014); *Nichols v. Commissioner of Social Security*, No. 1:09-cv-1091, 2012 WL 1189764 (Report and Recommendation) (W.D. Mich. March 19, 2012), adopted in 2012 WL 1190175 (Order) (April 9, 2012); *Mueller v. Commissioner of Social Security*, 1:09–cv–695, 2011 WL 2648703 (W.D. Mich. July 6, 2011); *Karadsheh v. Commissioner of Social Security*, 1:08–cv–988, 2010 WL 4259644 (Report and Recommendation) (W.D. Mich. Sept.17, 2010), adopted in 2010 WL 4259616 (Order) (Oct. 20, 2010).

"floor" of $350.00 per hour.  Plaintiff's hypothetical hourly rate of $280.00 falls below that floor.

Accordingly, plaintiff's requested fee is *per se* reasonable under § 406(b).

## II.   Conclusion

For the reasons stated, I respectfully recommend that plaintiff's motion for award of attorney fees pursuant to 42 U.S.C. § 406(b) (docket no. 20) be **GRANTED** in the amount of **$6,510.00**.


Dated:  October 26, 2015                      /s/ Ray Kent
                                              RAY KENT
                                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).